LAW OFFICES OF PHILIP DEITCH
**Philip Deitch, SBN 29164**
Mailing Address: P.O. Box 8025
Van Nuys, California 91406-8025
Telephone: (818) 717-0901
Fax Number (818) 717-0906
*Philde@mindspring.com*

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMU TULIVA | CASE NO. CV **CV08-02575 GW (CWx)** |
| Plaintiff | COMPLAINT FOR BREACH OF CONTRACT; FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; FOR AN ACCOUNTING; FOR PAYMENT OF MONEY LOANED |
| vs. | |
| QUALITY 1ST COMMUNICATIONS, LLC, DISH NETWORK SERVICE, LLC, AKA DISH NETWORK CALIFORNIA SERVICE CORPORATION; ECHOSTAR DBS; THIRD PARTY MANAGEMENT, and Does I through 10 | |
| Defendant | |

A. ALLEGATIONS COMMON TO EACH CAUSE OF ACTION

1. Plaintiff, Mr. Gamu Tuliva ["Tuliva"] is a resident of the state of California, County of Los Angeles, and resides within the jurisdiction of the United States

1

District Court for the Central District of California. Mr. Tuliva is a member of Quality 1st Communication, LLC.

2. Defendant, Quality 1st Communications, LLC ["quality 1st"] is an LLC incorporated under the laws of the state of Missouri, and was organized for the purpose of operating in the city of St. Louis, Missouri.

3. Plaintiff is informed and believes, and based upon that information and belief alleges that Defendant, Dish Network California Service corporation ["Dish Network"] is a corporation authorized to do business in the state of California, and as Dish Network Service, LLC operates in each of the other states in the United States.

4. EchoStar DBS corporation is a member of Dish network Service Corporation, LLC, and whose principal office is in Suwanee, Georgia.

5. Defendant Third Party management is an entity whose form and principal place of business is unknown, but is an affiliate of Dish Network.

6. Plaintiff is informed and believes that Defendant, Quality 1st and Defendant Dish Network entered into a written Installation Services agreement in St. Louis, Missouri by which those parties agreed that Defendant Quality 1st would perform installation and other services for customers of Dish Network.

7. The contract obligated defendant Quality 1st to acquire and have available the necessary equipment and inventory to service the customers of Dish network upon referral by Dish network.

8. In order to finance the acquisition of the inventory that Quality 1st was to maintain, Quality 1st entered into an oral agreement with Plaintiff, its member, later confirmed in writing for Plaintiff to borrow the appropriate sums to finance the purchase of the equipment from Defendant EchoStar. In addition to borrowing funds from Plaintiff for the acquisition of the equipment, Defendant Quality 1st borrowed sum from Plaintiff for certain operation expenses. Defendant, Quality 1st owes Plaintiff the full amount of the sums borrowed.

9. The total amount of money borrowed by defendant Quality 1st from Plaintiff, and other sums owed to Plaintiff, exceeds the jurisdictional sum of $75,000.

10. Plaintiff is informed and believes and thereon alleges that, under disputed circumstances, a controversy developed between Dish Network, its agents and subsidiaries, and Defendant Quality 1st. As a result of that dispute, Plaintiff is informed and believes and thereon alleges that Defendant Dish Network has ceased referring customers to Defendant Quality 1st.

11. Because of the effective termination of the service agreement Defendant Quality 1st and Defendant Dish Network that Quality 1st would return to Echostar the equipment paid for by Plaintiff to Echostar that had not yet been installed under Dish Network customer referral. A credit memo was to issue to Defendant Quality First for the full value of the returned equipment, and the funds reflected in the credit memo be paid to Quality 1st. In addition, Quality 1st was to receive a credit memo for equipment that Quality 1st had obtained from Dish Customers during

3

installation of the Dish Network equipment.  Plaintiff was given possession of, and currently retains possession of equipment obtained from Dish customers during the installation of Dish Network equipment.

12.     Plaintiff and defendant Quality 1st agreed, orally and in writing, that, as repayment for the sums borrowed by defendant from Plaintiff, Plaintiff was to receive the full amount of the moneys paid by Dish Network for the return of the equipment as set forth.

13.     On or about December 20, 2007 defendant Quality 1st executed written a power of attorney which authorized Plaintiff to act on behalf of Quality 1st with regard to the credit memos set forth.

14.     Dish network has refused, and continues to refuse to issue the credit memos in the amount to which defendant Quality 1st is entitled nor pay for the amounts which Quality 1st is entitled under its arrangement regarding the credit memos.  In addition, Dish network refuses to cooperate with Quality 1st or its representatives with regard to providing credit memos or payment for the Equipment that Quality 1st obtained from Dish customers following the installation of Dish equipment installed by Quality 1st.

15.     Plaintiff, as a member of Quality 1st LLC, has requested the board of directors of defendant Quality 1st to pursue its claim against Dish for payment of the credit memos and to pursue its claim regarding its entitlement to credit memos and funds for the equipment obtained from Dish customers.  Quality 1st and its

directors refuse, and continue to refuse to prosecute such action and all of Plaintiffs efforts to obtain such action have failed.

16. A controversy has developed between Plaintiff and Quality 1st, and Quality 1st has repudiated its agreement to allocate the sums from the return of the equipment to Plaintiff.

17. At all times herein mention, Plaintiff was a member of Quality First, LLC.

18. If Plaintiff is successful in securing a judgment against Dish for the moneys owed to Quality 1st, a substantial benefit will result to defendant Quality 1st.

## FIRST CAUSE OF ACTION

[Breach of contract Against defendant DISH only]

19. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 of this complaint.

20. As a result of the breach of its contact by defendant Dish, Defendant Quality 1st has been damaged in an amount presently unknown to Plaintiff, but is at least $76,006.32. Plaintiff will amend this complaint when the true and accurate amount owed to Defendant Quality 1st is ascertained. Defendant owes to Plaintiff $76, 006.32 which is presently due and owing.

## SECOND CAUSE OF ACTION

[Breach of Implied covenant of good faith and fair dealing against Dish, only]

5

21. Plaintiff incorporates by reference each of the allegations set forth in paragraphs 1 through 21 of this complaint.

22. Defendant Dish has breached the implied covenant of good faith and fair dealing in the contract by failing to pay the amounts owed to Quality 1st, and refusing to discuss the amounts due for the return of the equipment obtained by Quality 1st following the installation of Dish's equipment.

## THIRD CAUSE OF ACTION

[For an accounting against Dish]

23. Plaintiff incorporates by reference each of the allegations set forth in paragraphs 1 through 23 of this complaint.

24. Quality 1st is entitled to an accounting from Dish regarding the amounts due to Quality 1st from Dish relating to the credit memos and the equipment obtained from Dish Customers for which Quality 1st is entitled to payment.

## FOURTH CAUSE OF ACTION

[Against defendant Quality 1st]

25. Plaintiff incorporates by reference each of the allegations set forth in paragraphs 1 through 25 of this complaint.

26. There is now due and owing to Plaintiff the sum of $76, 000 for moneys loaned to defendant Quality 1st by Plaintiff. Plaintiff has made a demand upon defendant Quality 1st for the sum aforementioned, but defendant fails and refused to pay the obligation.

WHEREFORE, Plaintiff prays for judgment as follows:

<u>Against Defendant Dish</u>:

1. For payment of at least the sum of $76,006.32 by Defendant Dish on the first cause of action.

2. For Payment of sums in an amount to be determined by the court in regard to the second cause of action.

3. For an accounting

<u>Against Quality 1st</u>

4. For payment of the sum of $76,006.32 by defendant to Plaintiff on the Fourth cause of action.

<u>Against each defendants</u>

5. For Costs of suit

6. For such other relief as the court may determine.

Dated: April 18, 2008

                                  LAW OFFICE OF PHILIP DEITCH

                                  *Philip Deitch* (signature)
                                  Philip Deitch
                                  Attorney for Plaintiff

## VERIFICATION

I, Gamu Tuliva, have read this complaint, and, except for the allegations set forth under information and belief, know from my own personal knowledge that those allegations are true and correct. Executed in Los Angeles, California on April 16, , 2008

_____
GAMU TULIVA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

```
CV08- 2575 GW (CWx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Philip Deitch SBN 29164
PO Box 8025
Van Nuys, Ca. 91406
tel: 818 717 0901
fax: 818 717 0906
philde@mindspring.com

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gamu Tuliva<br><br>PLAINTIFF(S)<br>v.<br>Quality First Communications, LLC; Dish network service, LLC AKA Dish network California Service Corporation; Echostar DBS; Third party management; Does 1 Through 10<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV08-02575 GW (CWx)**<br><br>**SUMMONS** |

TO: DEFENDANT(S): <u>Quality First Communications, LLC; Dish networkQuality First CommunicatiLLC; I</u>

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Philip Deitch</u>, whose address is <u>PO box 8025; Van Nuys, Ca. 91406</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: <u>4/18/08</u>      By: **NATALIE LONGORIA**
                                        Deputy Clerk

(Seal of the Court)

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

FOR OFFICE USE ONLY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Gamu Tuliva

(b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

**DEFENDANTS**
QUALITY TST COMMUNICATIONS, LLC; DISH NETWORK SERVICE, LLC, AKA DISH NETWORK CALIFORNIA SERVICE CORPORATION; ECHOSTAR DBS; THIRD PARTY MANAGEMENT, and Does 1 through 10

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

(c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Philip Deith
PO Box 8025
Van Nuys, Ca. 91406
Tel: 818 717 0901

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Ju

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ $76,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Diversity

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Stand Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor A |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHT |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURIT |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923 |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | FEDERAL TAX SUI |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plai or Defendant) |
| | ☐ 245 Tort Product Liability | | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

CV08-02575

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☒ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Plaintiff resides in Los Angeles County

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
   Defendant No. 1 is a Missouri Corporation
   defendant #2 is a Georgia corporation

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

   Los Angeles county: St. Louis, Missouri

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 4-16-08

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 196 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (4. U.S.C. (g)) |